O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCHELL MYKEON WHITE,<br><br>            Petitioner,<br><br>    vs.<br><br>D. PARAMO, Warden,<br><br>            Respondent. | Case No. CV 16-03531-ODW (KES)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

    On May 20, 2016, Marchell Mykeon White ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner was convicted by a jury in the Los Angeles County Superior Court on November 27, 2013, of second degree murder and attempted voluntary manslaughter, both with special findings that he personally and intentionally discharged a firearm. Petitioner was sentenced to 70 years to life. (Id. at 2.)

    As best the Court can glean from ¶ 10 of the Petition, as his sole ground for relief, Petitioner contends that newly discovered evidence demonstrates his innocence. (Id. at 5-6.) Petitioner claims that surveillance camera footage was the "key witness" against him at trial. (Id. at 6.) He claims that either through "police misconduct" or "prosecutorial misconduct," the footage was altered, i.e., "missing

frames." (Id. at 5.) Petitioner contends that the film was sped up and slowed down in an effort to hide the "cut and paste lines" that would reveal the missing frames. (Id. at 6.) Petitioner contends that had the missing frames been played, they would have demonstrated his innocence. (Id. at 5.)

In response to the question in the habeas form asking whether Petitioner filed an appeal from the conviction, Petitioner checked off the "no" box. Pursuant to Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the Internet)"), however, the Court takes judicial notice from the California Appellate Courts' website that Petitioner filed a direct appeal in the California Court of Appeal on June 23, 2014. The Court has obtained a copy of the California Court of Appeal's decision in The People v. Marchell Mykeon White, Case No. B253410, 2015 Cal. App. Unpub. LEXIS 1371 (Cal. App. 2d Dist. Feb. 24, 2015).

According to the summary of the evidence in that opinion, the chief witness for the prosecution was Dahji Reed, cousin of the murder victim, Terry Jones. Reed testified that while visiting her grandmother at the Beechwood Apartments, she heard a large crowd gathered outside and heard Jones and Petitioner arguing. Id. at *3. She knew who Petitioner was, having met him before. Id. "The prosecutor played the videotape of the incident for the jury as Reed testified." Id. at *3 n.4. Reed saw Petitioner pull a gun from his pocket and shoot Jones. Id. at *4-5. She heard him fire "maybe five shots." Id. at *5. The second victim, a crowd member named Ena Bourne, called 9-1-1 and reported that she had been shot in the buttocks. Id. at *9.

Petitioner represented himself at trial and testified. Id. at *2 n.3, 10. He admitted that he had a loaded gun in his pocket during the confrontation with Jones. Id. at *11. He testified, "I really just pulled it out and just start shooting." Id.

On appeal, Petitioner argued there was insufficient evidence to prove he had the specific intent to kill and also claimed that the trial court improperly imposed a

five-year enhancement for use of a firearm on Count Two under Penal Code § 12022.5(a). On February 24, 2015, the California Court of Appeal affirmed Petitioner's conviction, but remanded the matter for re-sentencing on Count Two.

Petitioner filed a Petition for Review in the California Supreme Court, which was denied on May 13, 2015.

**I. Petitioner's Sole Claim for Relief is Unexhausted.**

It appears conclusively from the face of the Petition that state remedies have not been exhausted with respect to the sole claim asserted. Indeed, Petitioner admits in ¶ 11 of the Petition, "Ground One has not been presented to this Court or any other court because it's newly discovered." (Id. at 7.) Petitioner does not state the date or manner of his discovery.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66(1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

3

claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

**II. Petitioner's is Not Entitled to a Stay.**

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille v. Peoples, 489 U.S. 346, 349 (1989). However, in Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition containing both exhausted claims and unexhausted claims and hold such petition in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless;" and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. In Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016), the Ninth Circuit ruled that district courts have discretion to grant a Rhines stay even when the petition is fully unexhausted.

//

1    A Rhines stay is not appropriate here.[2] Petitioner has not explained his failure
2 to exhaust his claim in state court, other than asserting (without providing any
3 supporting facts) that it is newly discovered.  Since Petitioner had firsthand
4 knowledge of what happened at the scene of the shootings and saw the video played
5 at his trial, it is illogical that he only recently discovered an inconsistency.  Rather,
6 Petitioner would have been aware of any inconsistency at the time of his trial.
7    Petitioner's claim also lacks merit. Regardless of the videotape, the jury could
8 have convicted Petitioner based on the eyewitness testimony of Reed (i.e., she
9 testified that she saw him shoot Jackson) and his own admission that he took a loaded
10 gun from his pocket and started shooting.  Allegedly "missing frames" from the
11 surveillance tape could not possibly negate the inculpatory import of this evidence.
12    Accordingly, **IT IS ORDERED** that the Petition be dismissed without
13 prejudice. If Plaintiff wishes to pursue this claim, then Petitioner should be mindful
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //

---

[2]  Nor is this an appropriate case for invocation of the alternate stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007) because that procedure applies only to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009).

5

of the federal one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and promptly file an exhaustion petition in the California Supreme Court.

DATED: May 27, 2016

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented on
May 24, 2016 by:

_____
Karen E. Scott
United Sates Magistrate Judge